IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UROPLASTY, INC., *a Minnesota corporation*, Plaintiff, v. KEITH MOSES, *an individual*; EFFINGO MEDICAL, INC., *a Nevada corporation*; and GLOBAL DYNAMICS USA, INC., *a Florida corporation*, Defendants. | CIVIL ACTION NO. **COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Uroplasty, Inc. ("Uroplasty"), for its complaint against Defendants Keith Moses, Effingo Medical, Inc., and Global DynamicsUSA, Inc., states as follows:

**NATURE OF ACTION, JURISDICTION, AND VENUE**

1. This is an action for patent infringement under 35 U.S.C. § 271. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Defendants have committed acts of infringement of Uroplasty's patent rights in this District, as explained herein. This Court has personal jurisdiction over each Defendant.

COMPLAINT— 1

3.  Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

**THE PARTIES**

4.  Plaintiff Uroplasty, Inc. ("Uroplasty") is a corporation incorporated under the laws of the State of Minnesota and has its principal place of business at 5420 Feltl Road, Minnetonka, Minnesota 55343.

5.  Upon information and belief, Defendant Keith Moses resides in King County, Washington.

6.  Defendant Effingo Medical, Inc. ("Effingo") is a corporation incorporated under the laws of the state of Nevada. Moses formed Effingo for the purpose of committing acts of infringement of Uroplasty's patents.

7.  Defendant Global DynamicsUSA, Inc. ("Global Dynamics") is or was a corporation incorporated under the laws of the state of Florida. Moses formed Global Dynamics for the purpose of committing acts of infringement of Uroplasty's patents.

**FACTUAL BACKGROUND**

8.  Uroplasty is the owner of United States Patent Number 7,536,226 ("the '226 Patent"), entitled, "Electro-Nerve Stimulator System and Methods," which was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on May 19, 2009, and which is valid, subsisting, and in full force and effect. A true and correct copy of the '226 Patent is attached hereto as Exhibit A.

9.  Uroplasty is also the owner of United States Patent Number 7,668,598 ("the '598 Patent"), entitled, "Method and Apparatus for Stimulating a Nerve of a Patient," which was duly and legally issued by the USPTO on February 23, 2010, and which is valid, subsisting, and in full force and effect. A true and correct copy of the '598 Patent is attached hereto as Exhibit B.

COMPLAINT— 2

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
(206) 903-8800

10. The patents-in-suit contain claims directed to an electro-nerve stimulation apparatus that may generally be used to stimulate nerves and/or muscles to treat a variety of ailments. One claimed embodiment of the apparatus includes electrically conductive lead sets configured for a single use as part of the apparatus. The patents-in-suit also contain claims relating to methods of using the apparatus.

11. Uroplasty markets and sells the Urgent® PC Neuromodulation System ("Urgent® PC"), which is an electro-nerve stimulation apparatus for treating urinary disorders that includes a pulse generator and lead sets that are configured for a single use. The Urgent® PC product is a commercial embodiment of the inventions described and claimed in the '226 and '598 Patents. A true and correct image of the Urgent® PC device is attached as Exhibit C.

12. The Urgent® PC product is a medical device that is subject to FDA oversight and clearance.

13. Defendant Keith Moses was previously employed by Uroplasty as an independent sales representative beginning June 1, 2006.

14. In Moses' capacity as an independent sales representative for Uroplasty, he sold or offered for sale Uroplasty's Urgent® PC product, as well as other Uroplasty products. Moses stopped acting as a sales representative for Uroplasty in December 2007.

15. In the fall of 2009, Uroplasty discovered that Moses had copied Uroplasty's lead sets, and offered to sell and sold them to customers in the state of Washington. Moses formed Global Dynamics for the purpose of selling, offering for sale, and/or manufacturing electrical lead sets that were virtually identical to the lead sets used with Uroplasty's Urgent® PC product, and which Moses learned about while working as a sales representative for Uroplasty.

16. The only ascertainable difference between the Uroplasty lead sets sold as part of the Urgent® PC product and the infringing devices being sold by Moses and Global Dynamics is that the

COMPLAINT— 3

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
(206) 903-8800

connector on the infringing lead sets is gray, while the connector on the patented Uroplasty lead sets is blue.

17. The lead sets sold by Moses were compatible with and intended for use with Uroplasty's Urgent® PC pulse generator. A true and correct copy of the Global Dynamics Price List is attached as Exhibit D.

18. Moses and Global Dynamics marketed the infringing lead sets under the name "Percutaneous Electrodes" or "PTNS lead wire set" at a substantially lower price than Uroplasty's lead sets. Defendants' marketing strategy included informing potential customers of how significantly less expensive its infringing product was than Uroplasty's patented product: "Global Dynamics now offer the PTNS lead wire set at more than 40% off the Uroplasty price." A true and correct copy of the communication is attached as Exhibit E.

19. On September 29, 2009, counsel for Uroplasty contacted Moses by letter notifying him of the Uroplasty '226 Patent and of the application that would issue as the '598 Patent, 2008/0033510, published February 7, 2008, and further notifying him that his sale and/or manufacture of the Percutaneous Electrodes induces infringement of, and contributorily infringes claims of the patents-in-suit. In addition, Uroplasty notified Moses and Global Dynamics that their activities were also infringing Uroplasty's copyrighted works and trademark rights, and that they were selling medical devices without the required FDA clearance. Uroplasty demanded that Moses and Global Dynamics cease and desist from the above-named activities. A true and correct copy of the letter from Uroplasty to Moses is attached as Exhibit F.

20. Following a series of communications between Uroplasty and Moses, Moses informed Uroplasty that he was going to dissolve Global Dynamics and cease his infringing activities. Moses reassured Uroplasty that "[w]e have no inventory since it was based on demand and any further legal

COMPLAINT— 4

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
(206) 903-8800

action will be pointless." A true and correct copy of the e-mail communication from Mr. Moses is attached as Exhibit G.

21. Uroplasty took Moses at his word and thought the matter ended.

22. In April, 2010, however, Uroplasty discovered that Moses has resumed infringing the '226 and '598 Patents. Moses formed another company, Effingo, and began to offer for sale to customers in the Seattle, Washington area what appear to be the very same infringing lead sets he was selling in the fall of 2009 through Global Dynamics. The only difference between the lead sets being sold by Moses and Effingo as "Cable Electrode Sets" is, again, their color--the connector on Effingo's infringing lead sets is green, while the connector on the patented Uroplasty Urgent® PC lead sets is blue. A true and correct copy of Effingo's marketing material is attached as Exhibit H.

## COUNT I – INFRINGEMENT OF THE 7,536,226 PATENT

23. Uroplasty repeats and incorporates each of the allegations of paragraph nos. 1 – 22 herein by reference.

24. Defendants have offered for sale and sold replacement lead sets under the name or names, Percutaneous Electrodes, PTNS Lead Wire Sets, and Cable Electrodes specifically designed for use with the Uroplasty Urgent® PC device. A true and correct image of the infringing Global Dynamics product and its packaging is attached hereto as Exhibit I. A true and correct image of the infringing Effingo product and its packaging is attached hereto as Exhibit J. Defendants' lead sets are specifically designed by Defendants for use in an infringement of the '226 Patent, are a substantial part of the invention covered by the '226 Patent, have no substantial noninfringing use, and are not staple articles or commodities of commerce. Defendants' actions have caused, and continue to cause Uroplasty damages and irreparable harm.

COMPLAINT— 5

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
(206) 903-8800

25. The use of Defendants' Percutaneous Electrodes, PTNS Lead Wire Sets and Cable Electrodes with the Uroplasty Urgent® PC device by customers to whom Defendants provide such lead sets constitutes a direct infringement of the '226 Patent by such customers.

26. Defendants have designed their lead sets for use by their customers in an infringing manner, have promoted such infringing use by customers, and have induced their customers thereby to infringe the '226 Patent, causing, and continuing to cause Uroplasty damages and irreparable harm.

27. Defendants' infringement of the '226 Patent is willful.

28. Uroplasty has been and continues to be damaged by the acts of Defendants in an amount that has not yet been determined, but will be determined upon access to Defendants' records during the discovery phase of this litigation.

**COUNT II – INFRINGEMENT OF THE 7,668,598 PATENT**

29. Uroplasty repeats and incorporates each of the allegations of paragraph nos. 1 – 28 herein by reference.

30. Defendants have offered for sale and sold replacement lead sets under the name or names, Percutaneous Electrodes, PTNS Lead Wire Sets, and Cable Electrodes for use with the Uroplasty Urgent® PC device. Defendants' lead sets are specifically designed by Defendants for use in an infringement of the '598 Patent, are a substantial part of the invention covered by the '598 Patent, have no substantial noninfringing use, and are not staple articles or commodities of commerce. Defendants' actions have caused and continue to cause Uroplasty damages and irreparable harm.

31. The use of Defendants' Percutaneous Electrodes, PTNS Lead Wire Sets and Cable Electrodes with the Uroplasty Urgent® PC by customers to whom Defendants provide such lead sets constitutes a direct infringement of the '598 Patent by such customers.

COMPLAINT— 6

32.     Defendants have designed their lead sets for use by customers in an infringing manner, have promoted such infringing use by customers, and have induced their customers thereby to infringe the '598 Patent, causing, and continuing to cause Uroplasty damages and irreparable harm.

33.     Defendants' infringement of the '598 Patent is willful.

34.     Uroplasty has been and continues to be damaged by the acts of Defendants in an amount that has not yet been determined, but will be determined upon access to Defendants' records during the discovery phase of this litigation.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Uroplasty demands a preliminary and permanent injunction against continued infringement, an accounting of damages, and an assessment of interest and costs against Defendants Keith Moses, Global Dynamics, and Effingo as follows:

A.      That Defendants, any officers, directors, agents, servants, employees, successors, assigns, and all those controlled by Defendants or in active participation with Defendants, be preliminary and permanently enjoined from further acts of infringement of the patents in suit;

B.      That Defendants be required to pay damages to Uroplasty;

C.      That Defendants be ordered to deliver up to the Court all lead sets or manufacturing equipment/apparatus in their possession, custody or control constituting an infringement of the '226 and/or the '598 Patents for destruction and be enjoined from continuing to maintain and refurbish such products or manufacturing equipment/apparatus;

D.      That the Court award increased damages to fully compensate Uroplasty, and for the willful and wanton nature of Defendants' aforesaid infringing acts, said award to equal at least three times the amount of Uroplasty's actual damages;

COMPLAINT— 7

E. That Defendants be ordered to pay prejudgment interest and costs, and further that Defendants be ordered to pay reasonable attorney's fees to Uroplasty due to the exceptional nature of this case within the meaning of 35 U.S.C. § 285; and

F. That the Court grant Uroplasty such further legal and equitable relief as the Court deems just.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues.

DATED this 30th day of April, 2010.

DORSEY & WHITNEY LLP

  /s/ Douglas F. Stewart
Douglas F. Stewart, WSBA No. 34068
701 Fifth Avenue
Suite 6100
Seattle, WA 98104
(206) 903-8800
(206) 903-8820 (Fax)

J. Thomas Vitt (*pro hac vice applied for*)
Michelle Dawson (*pro hac vice applied for*)
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498
(612) 340-2600

Attorneys for Plaintiff
Uroplasty, Inc.

COMPLAINT— 8

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WASHINGTON 98104
(206) 903-8800